WARD *v.* NOLEN.

5-1520                                          313 S. W. 2d 240

Opinion delivered May 19, 1958.

*Spencer & Spencer,* for appellant.

*Wayne Jewell,* for appellee.

GEORGE ROSE SMITH, J.  This is a workmen's compensation case, in which the appellant asserts a claim for disability resulting from a ruptured disc in his back. The compensation commission rejected the claim, holding that Ward had not proved his case by a preponderance of the evidence, and that decision was affirmed by the circuit court.

The issue for the commission was largely one of credibility. Ward was employed at the appellee's sawmill for three days and a half, ending May 13, 1955. He testified that on the morning of the last day he injured his back as he was using a cant hook in trying to control a log that he was rolling down the skidway. The employer and several of his employees testified that Ward worked only as a handyman around the mill, culling and loading lumber, that Ward never worked on the skidway, and that he did not at any time use a cant hook. Ward also stated that later in the same morning something snapped in his back as he jumped from a truck to the ground. Nolen, the employer, testified that he was within three feet of Ward at the time and that Ward

simply stepped down from the truck, without jumping. It is conceded that Ward then complained of a "catch" in his back, professed himself unable to work, and obtained his wages for the brief period of his employment.

In denying the claim the commission referred to proof that Ward had been convicted of larceny, had been guilty of stealing chickens, and had testified falsely about a prior claim for a back injury. The commissioners went on to say: "Our decision in the case now before us is based on the fact that we do not believe a preponderance of the evidence establishes that claimant's breakdown was by reason of events in the employment. The claimant has been shown to be an unreliable individual, and his demeanor on the witness stand was such that we deem him to be evasive and unworthy of belief. We think it definitely proved that this claimant did not work on the skidway with a cant hook as he testified to having done when pain first struck him. We are dubious that his first intimation of back difficulty became apparent to him while he was on the job on May 13, 1955."

In the matter of credibility the commission's findings have the binding force of a jury's verdict. When we lay aside Ward's own version of how he received his injuries, all that remains is the fact that he complained of a catch in his back and that he is now disabled by a ruptured disc. This proof does not compel the conclusion that the claimant received an accidental injury in the course of his employment.

Affirmed.