MOSELEY *v*. TEMPLE.

5-2013                                    330 S. W. 2d 719

Opinion delivered January 11, 1960.

*Clint Huey,* for appellant.

*Williamson, Williamson* and *Ball,* for appellee.

Ed. F. McFaddin, Associate Justice. This is a workmen's compensation case. Both the Trial Referee and the full Commission disallowed the claim of Mr. Moseley; the Circuit Court affirmed the Commission; and this appeal resulted. The real issue is whether there is substantial evidence to support the finding of the Commission; and we conclude that there is.

The appellee, J. L. Temple, owned and operated an automotive and supply business in Warren, Arkansas; and appellant, L. E. Moseley, was employed by Mr. Temple for several years. In the late afternoon of August 26, 1958 a disagreement arose between Moseley and Temple regarding an automobile jack; and Moseley quit work. The next day Temple paid Moseley in full, plus two weeks' vacation pay; and the employer-employee relationship was completely terminated. After two weeks, Moseley sought re-employment by Temple, but another man had already been employed. Later, Moseley applied to the Unemployment Compensation Agency for unemployment benefits, and represented himself as ready, willing, and able to work. Then, on October 7, 1958, Mr. Moseley consulted Dr. Murl E. Crow, because of low back pains; and was found *at that time* to be suffered from a "possible ruptured disc of the lumbar spine". On October 24, 1958, for the first time, Mr. Temple and his insurance carrier were notified that Moseley claimed to have suffered a back injury while working for Temple on August 26, 1958, and just a few minutes before termination of employment.

That Mr. Moseley was suffering from a back complaint on October 7, 1958 when he consulted Dr. Crow, was not denied; but Mr. Temple and his insurance carrier vigorously denied that any such injury occurred while Mr. Moseley was working for Mr. Temple. The Workmen's Compensation Act requires that injuries, to be compensable, must arise "out of and in the course of employment (§ 81-1305 Ark. Stats.). Did Mr. Moseley's injury that he had on October 7, 1958 arise "out of and in the course of employment" with Mr. Temple, which had terminated on August 26, 1958? That was

the factual question presented to the Referee and the Commission.

To sustain his claim for compensation, Mr. Moseley testified that on August 26, 1958 there were two cylinder heads to be loaded on an automobile to be taken to Little Rock: "I put the first one in by myself but the other one was underneath the truck in behind an old engine. I finally got it out on the floor and picked it up out on my hands and arms, like that, and carried it about three or four steps and felt a sharp pain in my back, and I laid it down and asked Mr. Hoyle to come help me put it on the truck, and Mr. Hoyle came over there and he carried it on over there and put it on the truck, . . ." It was this "sharp pain in my back" which Mr. Moseley said was the injury that he sustained in the course of his employment; and appellant relies, *inter alia*, on *Sparks Memorial Hospital* v. *Walton*, 229 Ark. 1014, 320 S. W. 2d 102, as a case supporting his contention of liability.

There were a number of facts and circumstances that shed light on whether Mr. Moseley's injury arose "out of and in the course of employment". We mention a few:

1. Mr. Moseley admitted that he never said anything to any of his fellow workers or to Mr. Temple on August 26th when he claimed he suffered with the sharp pain in his back; and he admitted that it was not until October 24th that he ever notified Mr. Temple or the insurance carrier that any injury was claimed because of work.

2. Mr. Moseley admitted that he applied to Mr. Temple for re-employment and never mentioned any back injury; and that he also applied for unemployment compensation insurance and never mentioned any back injury.

3. Mr. Moseley admitted that he never consulted a doctor until October 7, 1958; and that for years he had occasionally had a sore back for two or three days and had never thought anything about it.

4. Fellow employees of Mr. Moseley gave a history of the loading of the cylinder head into the automobile without any suggestion of any injury on the part of Mr. Moseley.

5. Dr. Crow, who examined Mr. Moseley on October 7th, said that the back injury which Mr. Moseley had on that date could have happened from a variety of causes. Dr. Crow testified:

"Q. Dr. Crow, is it possible that Mr. Moseley could have received his ruptured disc or spinal trouble in some manner other than by lifting a cylinder head?

"A. Yes.

"Q. Are there half a dozen other ways that he could?

"A. You can do it any way; even raising a window can cause it.

"Q. What physical reaction takes place that causes a condition of this sort?

"A. What actually takes place?

"Q. Yes, twisting or bending of the back?

"A. Well, yes, twisting or lifting, or I have seen a man just jump up in the air about a foot off the ground and sustain a ruptured disc. Anything that puts a strain on you."

Thus, from conflicting claims and circumstances, a conclusion had to be reached by the Commission. What we said in *Ward* v. *Nolen,* 229 Ark. 68, 313 S. W. 2d 240, is *apropos* here:

"In the matter of credibility the commission's findings have the binding force of a jury's verdict. When we lay aside Ward's own version of how he received his injuries, all that remains is the fact that he complained of a catch in his back and that he is now disabled by a ruptured disc. This proof does not compel the conclusion that the claimant received an accidental injury in the course of his employment."

In *Wren* v. *D. F. Jones Const. Co.*, 210 Ark. 40, 194 S. W. 2d 896, we pointed out that the inferences to be drawn and the conclusion reached from the established facts were for the Commission, and we said:

"Under our Workmen's Compensation Law the Commission acts as a trier of the facts — *i.e.*, a jury — in drawing the inferences and reaching the conclusions from the facts. We have repeatedly held that the finding of the Commission is entitled to the same force and effect as a jury verdict."

From a study of the entire record, we conclude that the Commission had ample evidence and inferences from which it could find that Mr. Moseley failed to prove that his back condition of October 7, 1958 arose "out of and in the course of employment" by Mr. **Temple,** which employment ceased on August 26, 1958.

Affirmed.